# EXHIBIT A

Robert Spence

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT, KANE COUNTY, ILLINOIS

| | | |
|---|---|---|
| SYLVIA ECHEBARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Jury Demanded |
| | ) | |
| LABOR TEMPS II, LLC, an Illinois Limited | ) | |
| Liability Company. | ) | Case No. |
| | ) | |
| Defendant. | ) | |

**11L    435**

### COMPLAINT AT LAW

Plaintiff, SYLVIA ECHEBARRIA, by and through her attorneys, HIPP LAW OFFICE, hereby presents her Complaint at Law as follows:

### Parties, Jurisdiction, and Venue

1.    Plaintiff SYLVIA ECHEBARRIA ("Plaintiff") resides in Aurora, Kane County, Illinois.

2.    Defendant LABOR TEMPS II, LLC ("Defendant") is an Illinois limited liability company which does business and employed Plaintiff in Aurora, Kane County, Illinois.

3.    The events described below occurred in Kane County making this Court the appropriate Venue. There is no dispute that Jurisdiction is proper either.

### COUNT I—COMMON LAW RETALIATION

4.    Plaintiff began working for Labor Temps on May 15, 2007 in the position of Billing and Workman's Compensation Administrator.

5.    Throughout her employment, Plaintiff performed her assigned duties satisfactorily.

6.    Part of Plaintiff's job duties was to keep track of claims of Workers' Compensation brought by employees of Labor Temps.

**NOTICE**
BY ORDER OF COURT THIS CASE IS HEREBY
SET FOR CASE MANAGEMENT CONFERENCE
BEFORE THE ABOVE NAMED JUDGE
ON _____10-27-11_____
_____ , AT _____ A.M. P.M.
FAILURE TO APPEAR MAY RESULT IN THE
CASE BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

7.      Defendant Labor Temps, through its on-site manager, Elizabeth Ochoa and other management employees, stated that they wished to make life hell for the employees who filed Workers' Compensation claims.

8.      These Workers' Compensation claims often involved older employees and/or disabled employees. Defendant targeted these employees due to their specific protected classifications. Plaintiff objected to these actions on Defendant's part. These allegations are a part of Plaintiff Echebarria's charge currently pending with the EEOC. A copy of that charge is attached hereto as Exhibit A. Because the EEOC is still investigating the charge, Plaintiff cannot file suit under those allegations at this juncture.

9.      Prior to Christmas, 2009 (on or about December 20, 2009), Defendant's Aurora manager, Elizabeth Ochoa, hurt herself at home. She then went to the doctor and claimed that the injury was work-related and claimed Workers' Compensation eligibility falsely.

10.     Ms. Ochoa stated to Plaintiff that the claim was illegitimate and that no one else should do it.

11.     Plaintiff met with Ms. Ochoa shortly thereafter and said that she felt that the claim was Workers' Compensation fraud and that she felt that Defendant's co-owner Peter McMahon should be made aware of the wrong-doing.

12.     Plaintiff shortly thereafter went on a scheduled vacation through the beginning of January 2010.

13.     Upon returning, Ms. Ochoa ignored Plaintiff in a manner inconsistent with their past dealings and demonstrating hostility to Plaintiff for standing up to Ms. Ochoa's fraud.

2

14.     In retaliation for Plaintiff confronting Ms. Ochoa regarding her illegal fraud, Defendant, through Ms. Ochoa, fired Plaintiff on January 19, 2010, shortly after Plaintiff's return to work from vacation.

15.     Defendant's explanation for the termination was a pretext for Ms. Ochoa's fear of being exposed as a criminal in her actions regarding her false Workers' Compensation claim.

16.     Defendant stated that it needed to reduce force. However, it hired new employees in the same offices as Plaintiff had been working shortly after her termination. It did not make any attempts to recall Plaintiff although she was available for duty.

17.     Instead, Defendant violated Illinois's common law which prevents retaliation for internal complaints of wrong-doing in the context of Workers' Compensation. There is a clear public policy against Workers' Compensation fraud that affects the general public (see 820 ILCS 305/25.5(a)(1)) and Plaintiff's actions are protected despite the general employment at will doctrine in Illinois.

18.     Defendant willfully terminated Plaintiff for illegal purposes. Under Illinois common law, the employee at will doctrine yields to protect employees like Plaintiff who do the right thing in the Workers' Compensation context, especially when she was opposing fraud as committed by Ms. Ochoa, her boss.

19.     Plaintiff has suffered lost wages, benefits, and other economic and non-economic damages as a result of Defendant's illegal activities. Defendant's actions are such that Plaintiff should be allowed to move this court for punitive damages.

        WHEREFORE, PLAINTIFF demands judgment against Defendant LABOR TEMPS for lost wages, physical and psychological pain and all other relief which is fair. Said relief exceeds this court's jurisdictional amount.

## COUNT II—STATUTORY WHISTLEBLOWER VIOLATION.

1.     Plaintiff realleges all of the allegations of Count I as if wholly stated herein.

2.     Under the Illinois Whistleblower Act, 740 ILCS 174, *et seq.*, Plaintiff is an employee, and Defendant is an employer.

3.     Plaintiff made clear to Defendant's Manager, Elizabeth Ochoa, that she would not participate in Workers' Compensation fraud, that she objected to the fraud, and that Ms. Ochoa's actions were illegal.

4.     Defendant violated 740 ILCS 174/20 when it retaliated against Plaintiff for refusing to participate in an activity that would result in a violation of a state or federal law, rule or regulation.

5.     Defendant violated 740 ILCS 174/20.1 by committing an act which was materially adverse to Plaintiff, a reasonable employee, due to her disclosing and/or attempting to disclose public corruption or wrongdoing in the form of Ms. Ochoa's Workers' Compensation fraud.

WHEREFORE, Plaintiff demands all relief to make her whole pursuant to 740 ILCS 174/30, including, but not limited to, reinstatement to her position, full back pay with interest, all other costs, her reasonable attorneys' fees and any and all other relief this Court sees fit in an amount greater than this Court's jurisdictional limit.

Respectfully submitted,

Sylvia Echebarria

By: _____
One of Her Attorneys

BRIAN J. HIPP
HIPP LAW OFFICE
1026 Prairie St.
Aurora, Illinois 60506

4

(630) 844-1234 (Phone)
(630) 892-4007 (Phone)
(630) 859-0205 (Facsimile)
ARDC NUMBER 6269940
Email:  BJHIPPX2@AOL.com
Attorney for PLAINTIFF

(630) 844-1234 (Phone)
(630) 892-4007 (Phone)
(630) 859-0205 (Facsimile)
ARDC NUMBER 6269940
Email: BJHIPPX2@AOL.com
Attorney for PLAINTIFF

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2011-00271 |

Illinois Department Of Human Rights and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Silvia Echebarria | (630) 999-5393 | 11-01-1971 |

| Street Address | City, State and ZIP Code |
|---|---|
| 133 Gregory St., #12, Aurora, IL 60504 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LABOR TEMPS II | 500 or More | (630) 978-2800 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3 N. Smith Street, Aurora, IL 60504 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest 01-19-2010

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent May 15, 2007. My most recent position was Billing and Workman's Compensation Administrator. During my employment, I complained of Respondent's discriminatory practices against elderly and disabled employees. On January 19, 2010, I was discharged.

I believe I have been retaliated against for engaging in protected activity, in violation of The Americans with Disabilities Act of 1990, as amended.

I believe I have been retaliated against for engaging in protected activity, in violation of Age Discrimination in Employment Act of 1967, as amended.

RECEIVED EEOC

OCT 2 2 2010

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Oct 22, 2010 _____ *Silvia Echebarria* Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) EX A |

# EXHIBIT B

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

'11L  435

Case No. _____

| | |
|---|---|
| Sylvia Tabebura | Labor Temps II |
| Plaintiff(s) | Defendant(s) |

SERVE:

Name: Labor Temps II, LLC — Michael Cruauresso

Address: 111 E. Wacker Dr. #2800

City, State & Zip: Chicago, IL 60601

File Stamp

Amount Claimed _____ 50,000 + _____

Pltf. Atty Brian Hipp                    Add. Pltf. Atty _____

Atty. Registration No. 6210240          Atty. Registration No. _____

Address 103 Prairie St                  Address _____

City, State and Zip Aurora, IL 60506    City, State and Zip _____

## SUMMONS

To the above named defendant(s):

☐ A. You are hereby summoned and required to appear before this court in room _____ of the ☐ Kane County Judicial Center, 37W777 Rt. 38, St. Charles, IL 60174 ☐ Kane County Court House, 100 S. 3rd Street, Geneva, IL 60134 ☐ Aurora Branch Court, 1200 E. Indian Trail, Aurora IL 60505 ☐ Elgin Branch Court, 150 Dexter Ct., Elgin IL 60120 ☐ Carpentersville Branch Court, 1200 L.W. Besinger Dr., Cville, IL 60110 at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☒ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(To be inserted by process server on copy left with the defendant or other person)

WITNESS, _____ (date)

_____
Clerk of Court

Rec'd 8/22/11

Form 166-A (01/10)          White - Original Clerk    Yellow - Original Service to Clerk    Pink - Defendant    Gold - Attorney

Sept. 21

# EXHIBIT C

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT,
## KANE COUNTY, ILLINOIS

| | | |
|---|---|---|
| SYLVIA ECHEBARRIA,<br>PLAINTIFF | ) )<br>) ) | CASE NO. 11-435 |
| V. | ) ) | JUDGE SPENCE |
| LABOR TEMPS II, LLC, an<br>Illinois Limited Liability Co. | ) ) | |

### NOTICE OF MOTION

To:   Sheri Thorton Pierce
      SHEFSKY & FROELICH LTD.
      111 E. Wacker Dr., Suite 2800
      Chicago, IL 60601

                                    *Sylvia Echebarria*

     Please take notice that Plaintiffs ~~William Pederson, Jr. and Rodolfo Alcala~~, through their attorney, Hipp Law Office, will present their motion to file an Amended Complaint on Tuesday, October 11, 2011 at 9:00 AM in Room 310 or as soon thereafter as can be heard.

### CERTIFICATE OF SERVICE

     I, Brian J. Hipp, an attorney, certify that I caused to be served the attached motion to file Amended Complaint on:

     Sheri Thorton Pierce
     SHEFSKY & FROELICH LTD.
     111 E. Wacker Dr., Suite 2800
     Chicago, IL 60601

via facsimile and first class mail this 30th day of September 2011.

                                    Brian J. Hipp

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

| | | |
|---|---|---|
| SYLVIA ECHEBARRIA, | ) | |
| PLAINTIFF | ) | |
| | ) | CASE NO. 11-435 |
| V. | ) | |
| | ) | JUDGE SPENCE |
| LABOR TEMPS II, LLC, an | ) | |
| Illinois Limited Liability Co. | ) | |

## MOTION TO FILE AMENDED COMPLAINT

1.    Plaintiff seeks to add three counts to her complaint.

2.    Plaintiff received her right to sue letter from the EEOC on or about September 20, 2011

3.    Prior to obtaining the right to sue letter, she was unable to file suit for retaliation under the ADA and the ADEA.

4.    Plaintiff is also adding a count of Worker's Compensation retaliation so that every possible theory of wrong-doing is alleged in her complaint.

5.    Defendant has not filed an Answer to the original complaint and will not be prejudiced by this motion.

6.    Plaintiff's counsel contacted Defendant's counsel, and Defendant's counsel did not object to the motion.

**WHEREFORE,** Plaintiff requests that this Court grant Plaintiff the right to file

an Amended Complaint (which is being filed herewith) and that Defendant file its answer

within 21 days of an order being entered.

Respectfully submitted,

Silvia Echebarria

By one of their attorneys

Brian J. Hipp ARDC. No. 6269940
Hipp Law Office
1026 Prairie St.
Aurora, IL 60506
(630) 844-1234
(630) 859-0205 (facsimile)

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT,
## KANE COUNTY, ILLINOIS

SYLVIA ECHEBARRIA,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　　　　) Judg. Spence
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　　　　) Jury Demanded
　　　　　　　　　　　　　　　　　　　　　　)
LABOR TEMPS II, LLC, an Illinois Limited　　)
Liability Company.　　　　　　　　　　　　　) Case No. 11 L 435
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　　　　)

## AMENDED COMPLAINT AT LAW

Plaintiff, SYLVIA ECHEBARRIA, by and through her attorneys, HIPP LAW OFFICE,

hereby presents her Complaint at Law as follows:

### Parties, Jurisdiction, and Venue

1.　　　Plaintiff SYLVIA ECHEBARRIA ("PLAINTIFF") resides in Aurora, Kane County,

Illinois.

2.　　　Defendant LABOR TEMPS II, LLC ("Defendant") is an Illinois limited liability

company which does business and employed Plaintiff in Aurora, Kane County, Illinois.

3.　　　The events described below occurred in Kane County making this Court the appropriate

Venue. There is no dispute that Jurisdiction is proper either.

### COUNT I—COMMON LAW RETALIATION

4.　　　Plaintiff ECHEBERRIA began working for Labor Temps on May 15, 2007 in the

position of Billing and Workman's Compensation Administrator.

5.　　　Throughout her employment, Plaintiff ECHEBERRIA performed her assigned duties

satisfactorily.

6.　　　Part of Plaintiff ECHEBERRIA'S job duties was to keep track of claims of Workers'

Compensation brought by employees of Labor Temps.

7.     Defendant Labor Temps, through its on-site manager, Elizabeth Ochoa and other management employees, stated that they wished to make life hell for the employees who filed Workers' Compensation claims.

8.     These Workers' Compensation claims often involved older employees and/or disabled employees. Defendant targeted these employees. These allegations are a part of Plaintiff Echebarria's charge currently pending with the EEOC. A copy of that charge is attached hereto.

9.     Prior to Christmas, 2009, Defendant's Aurora manager, Elizabeth Ochoa, hurt herself at home. She then went to the doctor and claimed that the injury was work-related and claimed Worker's Compensation eligibility falsely.

10.    Ms. Ochoa stated to Plaintiff that the claim was illegitimate and that no one else should do it.

11.    Plaintiff met with Ms. Ochoa shortly thereafter and said that she felt that the claim was Worker's Compensation fraud and that she felt that the owner Peter McMahon should be made aware of the wrong-doing. Plaintiff also complained to Ms. Ochoa regarding her treatment of employees who were either elderly and/or disabled.

12.    Plaintiff then went on a scheduled vacation through the beginning of January 2010.

13.    Upon returning, Ms. Ochoa ignored Plaintiff in a manner inconsistent with their past dealings and friendship and demonstrating hostility to Plaintiff for standing up to Ms. Ochoa's fraud.

14.    In retaliation for Plaintiff confronting Ms. Ochoa regarding her illegal fraud and other matters, Ms. Ochoa fired Plaintiff with the approval of Defendant on January 19, 2010, shortly after Plaintiff's return from vacation.

15.     Defendant's explanation for the termination was a pretext for Ms. Ochoa's fear of being exposed as a criminal in her actions regarding her false Workers' Compensation claim and the company's unfair treatment of the elderly and those with disabilities.

16.     Defendant stated that it needed to reduce force. However, it hired new employees in the same offices as Plaintiff had been working shortly after her termination. It did not make any attempts to recall Plaintiff although she was available for duty.

17.     Instead, Defendant violated Illinois's common law which prevents retaliation for internal complaints of wrong-doing in the context of Worker's Compensation. There is a clear public policy against Worker's Compensation fraud that affects the general public.

18.     Defendant willfully terminated Plaintiff for illegal purposes. Under Illinois common law, the employee at will doctrine yields to protect employees like Plaintiff who do the right thing and try to expose fraud as committed by Ms. Ochoa.

19.     Plaintiff has suffered lost wages, benefits, and other economic and non-economic damages as a result of Defendant's illegal activities. Defendant's actions are such that Plaintiff should be allowed to move this court for punitive damages.

WHEREFORE, PLAINTIFF demands judgment against Defendant LABOR TEMPS for lost wages, physical and psychological pain and all other relief which is fair. Said relief exceeds this court's jurisdictional amount.

## COUNT II—STATUTORY WHISTLEBLOWER VIOLATION.

1.     Plaintiff realleges all of the allegations of Count I as if wholly stated herein.

2.     Under the Illinois Whistleblower Act, 740 ILCS 174 Plaintiff is an employee, and Defendant is an employer.

3. Plaintiff made clear to Defendant's Manager, Elizabeth Ochoa, that she would not participate in Worker's Compensation fraud and that Ms. Ochoa's actions were illegal.

4. Defendant violated 740 ILCS 174/20 when it retaliated against Plaintiff for refusing to participate in an activity that would result in a violation of a state or federal law, rule or regulation.

5. Defendant violated 740 ILCS 174/20.1 by committing an act which was materially adverse to Plaintiff, a reasonable employee, due to her disclosing and/or attempting to disclose public corruption or wrongdoing in the form of Ms. Ochoa's Worker's Compensation fraud.

WHEREFORE, Plaintiff demands all relief to make her whole pursuant to 740 ILCS 174/30, including, but not limited to, reinstatement to her position, full back pay with interest, all other costs, her reasonable attorneys' fees and any and all other relief this Court sees fit in an amount greater than this Court's jurisdictional limit.

## COUNT III—RETALIATION UNDER THE ADA.

1. Plaintiff realleges all of the allegations of Count I as if wholly stated herein.

2. Plaintiff filed a timely charge with the ADA alleging retaliation. See Ex. A.

3. On September 15, 2011, the EEOC sent Plaintiff a Notice of Right to Sue. See Ex. B. Plaintiff has filed this suit in a timely fashion.

4. Plaintiff was retaliated against on the basis of her engaging in protective activity because during her meeting with Ms. Ochoa, Plaintiff stated that Defendant's dealings with employees who had become disabled was in violation of the Americans with Disabilities Act.

5. Plaintiff was terminated for raising this issue with Ms. Ochoa in violation of the ADA.

WHEREFORE, Plaintiff demands all relief to make her whole pursuant the ADA, including, but not limited to, reinstatement to her position, full back pay with interest, all other

4

costs, her reasonable attorneys' fees and any and all other relief this Court sees fit in an amount greater than this Court's jurisdictional limit.

## COUNT IV—RETALIATION UNDER THE ADEA.

1.   Plaintiff realleges all of the allegations of Count I as if wholly stated herein.

2.   Plaintiff filed a timely charge with the ADEA alleging retaliation. See Ex. A.

3.   On September 15, 2011, the EEOC sent Plaintiff a Notice of Right to Sue. See Ex. B. Plaintiff has filed this suit in a timely fashion.

4.   Plaintiff was retaliated against on the basis of her engaging in protective activity because during her meeting with Ms. Ochoa, Plaintiff stated that Defendant's dealings with employees who were older than 40 years old was unfair and discriminatory.

5.   Plaintiff was terminated for raising this issue with Ms. Ochoa in violation of the ADEA.

WHEREFORE, Plaintiff demands all relief to make her whole pursuant the ADEA, including, but not limited to, reinstatement to her position, full back pay with interest, all other costs, her reasonable attorneys' fees and any and all other relief this Court sees fit in an amount greater than this Court's jurisdictional limit.

## COUNT V—RETALIATION UNDER THE WORKER'S COMPENSATION ACT.

1.   Plaintiff realleges all of the allegations of Count I as if wholly stated herein.

2.   Under the Illinois Worker's Compensation Act, 820 ILCS 305/4(h), it is illegal for Defendant to retaliate against Plaintiff for engaging in rights or remedies under the Act.

3.   Plaintiff had the right under the Act not to engage in the type of Worker's Compensation fraud that Ms. Ochoa was attempting to have her engage in.

4.   Plaintiff refused to engage in the Worker's Compensation Fraud.

5.    Plaintiff was retaliated against on the basis of her refusal to engage in Worker's

Compensation fraud.

WHEREFORE, Plaintiff demands all relief to make her whole pursuant the Worker's

Compensation Act, including, but not limited to, reinstatement to her position, full back pay with

interest, all other costs, her reasonable attorneys' fees and any and all other relief this Court sees

fit in an amount greater than this Court's jurisdictional limit.

Respectfully submitted,

Sylvia Echebarria

By: _____
          One of Her Attorneys

BRIAN J. HIPP
HIPP LAW OFFICE
54 W. Downer Place
Aurora, Illinois 60506
(630) 844-1234 (Phone)
(630) 892-4007 (Phone)
(630) 859-0205 (Facsimile)
ARDC NUMBER 6269940
Email: BJHIPPX2@AOL.com
Attorney for PLAINTIFF

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2011-0027? |

## Illinois Department Of Human Rights
*State or local Agency, if any*                                                            and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Silvia Echebarria | (630) 999-5393 | 11-01-1971 |

| Street Address | City, State and ZIP Code |
|---|---|
| 133 Gregory St., #12, Aurora, IL 60504 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LABOR TEMPS II | 500 or More | (630) 978-2800 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3 N. Smith Street, Aurora, IL 60504 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
                        01-19-2010

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent May 15, 2007. My most recent position was Billing and Workman's
Compensation Administrator. During my employment, I complained of Respondent's discriminatory practices
against elderly and disabled employees. On January 19, 2010, I was discharged.

I believe I have been retaliated against for engaging in protected activity, in violation of The Americans with
Disabilities Act of 1990, as amended.

I believe I have been retaliated against for engaging in protected activity, in violation of Age Discrimination in
Employment Act of 1967, as amended.

RECEIVED EEOC

OCT 2 2 2010

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| Oct 22, 2010 | *Silvia Echebarria* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
|---|---|---|
| Date | Charging Party Signature | *(month, day, year)* |

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Silvia Echabarria
c/o Brian J. Hipp, Esq.
1026 Praire Street
Aurora, IL 60506

From:  Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

☐  CERTIFIED MAIL 7011 1570 0003 6091 8409 CP ATTY
On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2011-00271 | Jermeitrik Christian, Investigator | (312) 869-8034 |

**NOTICE TO THE PERSON AGGRIEVED:**

(See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

John P. Rowe,
District Director

9-15-11
(Date Mailed)

Enclosures(s)

cc:

**LABOR TEMPS II LLC**

# EXHIBIT D

14/6

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. 11 L 435

| | | |
|---|---|---|
| Echeburen | Labor Temps I | Clerk of the Circuit Court |
| Plaintiff(s) | Defendant(s) | Kane County, IL |
| Hipp | Sher. Thurdir Spence | OCT -6 2011 |
| Plaintiff(s) Atty. | Defendant(s) Atty. | FILED 55 |

Judge **Spence**  Court Reporter  Deputy Clerk

A copy of this order ☐ should be sent ☐ has been sent

☐ Plaintiff Atty. ☐ Defense Atty. ☐ Other  ~~not filed in court~~

File Stamp

## ORDER

On the parties' agreement, P's motion to amend the complaint is granted. ~~Defend~~ The hearing date for October 11, 2011 is stricken. Plaintiff is to answer w/in 21 days,
or otherwise

Cont for cmc to 10/27/11 9:00 AM

Date: 10/6/11     ☐ Yes - Disposal ☐ No - Disposal   Judge: _____

P7-MISC-001 (11/09)     White - Clerk     Yellow and Pink Copies - Parties