# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7591 | **DATE** | 3/15/2013 |
| **CASE TITLE** | Sylvia Echebarria vs. Labor Temps II, LLC | | |

**DOCKET ENTRY TEXT**

Defendant Labor Temps II, LLC's Motion for Summary Judgment on All Claims in the Second Amended Complaint [40] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Sylvia Echebarria ("Plaintiff") sues her former employer, Defendant Labor Temps II, LLC ("Defendant"), for retaliation in the context of workers' compensation under Illinois common law, violation of the Illinois Whistleblower Act, 740 Ill. Comp. Stat. 174, and retaliation under the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C § 621, *et al.* Defendant's motion for summary judgment is fully briefed and before the Court. For the following reasons, the motion is denied.

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Egonmwan v. Cook Cnty. Sheriff's Dep't, 602 F.3d 845, 849 (7th Cir. 2010) (internal quotation marks and citation omitted). The Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. Benuzzi v. Bd. of Educ. of City of Chi., 647 F.3d 652, 656 (7th Cir. 2011) (citing Groesch v. City of Springfield, Ill., 635 F.3d 1020, 1022 (7th Cir. 2011)). If the nonmovant "is unable to 'establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial,' summary judgment must be granted." Benuzzi, 647 F.3d at 662 (quoting Celotex Corp., 477 U.S. at 322).

Plaintiff began working for Defendant in May of 2007 in its Workers' Compensation section. Phil McMahon ("McMahon") was Defendant's owner. Plaintiff's immediate supervisor, as well as a close friend outside of work, was the general manager of Defendant's Aurora, Illinois branch, Elizabeth Ochoa ("Ochoa"). On December 21, 2009, Ochoa came to work and confessed to Plaintiff that she had injured herself over the weekend and sought treatment at the workers' compensation clinic claiming that she sustained a work-related injury, when in fact she had not. Ochoa further stated that she would pay the bill herself when it arrived, and would not let it be sent off to the insurer. Plaintiff agreed that it was wrong and declined to take part in the fraudulent activity. During the same conversation, Plaintiff alleges that she also informed Ochoa that she thought she was treating another employee, Petra Trujillo ("Trujillo")—who was over the age of forty, indeed over the age of sixty—unfairly in violation of the law by refusing to send her on assignments because of her age. Defendant denies that Plaintiff specifically mentioned the employee's age in her verbal complaint to Ochoa. Plaintiff alleges that Ochoa stopped socializing with her and ignored her at work following this conversation.

Later that day, Ochoa spoke with the owner, McMahon, and confessed what she had done with regard to her false medical claim. He informed her that it was wrong, and that the next time she would be disciplined. Ultimately, McMahon paid the bill out of his own pocket when the invoice for Ochoa's medical treatment arrived. The bill was never forwarded to the workers' compensation insurance provider. However, Plaintiff contends that the scheme nevertheless constituted workers' compensation fraud because, by claiming that it was a work related-injury, Ochoa

avoided paying a co-pay and received a reduced rate on her medical services.

Shortly thereafter, Plaintiff took a scheduled vacation from December 30, 2009 through January 11, 2010. After returning to work, Plaintiff alleges that Ochoa continued to ignore her and refused to update her on the business that occurred while she was away on vacation. On January 18, 2010, McMahon sent an email to Ochoa asking her to evaluate the efficiency of her staff and to determine where costs could be cut. Ochoa recommended Plaintiff for termination, stating that her duties could easily be absorbed by other workers. The following day, on January 19, 2010, McMahon terminated Plaintiff's employment during an exit meeting with Ochoa present. Defendant alleges that as part of its cost reduction measure, it reduced the hours of several other employees and fired one other, aside from Plaintiff. Plaintiff disputes that statement and alleges that the only other employee who was terminated was immediately placed in a position with one of Defendant's customers.

First, Plaintiff alleges common law retaliation against Defendant. Illinois is an at-will employment state except in narrow circumstances. Turner v. Mem'l Med. Ctr., 911 N.E.2d 369, 374 (Ill. 2009). "To state a valid retaliatory discharge cause of action, an employee must allege that (1) the employer discharged the employee, (2) in retaliation for the employee's activities, and (3) that the discharge violates a clear mandate of public policy." Id. (internal citations omitted). It is undisputed that Plaintiff was discharged. However, a genuine issue of material fact remains as to whether the discharge violated public policy. Defendant acknowledges that workers' compensation fraud is against Illinois public policy, indeed against Illinois law, 820 Ill. Comp. Stat. 305/25.5(a)(1). However, it disputes that workers' compensation fraud occurred since an insurance claim was never filed. Additionally, a genuine issue of material fact remains as to whether Plaintiff was discharged in retaliation for her refusal to participate in the alleged fraud. Accordingly, summary judgment is denied as to this claim.

Next, Plaintiff alleges that Defendant violated the Illinois Whistleblower Act. Pursuant to the statute, "[a]n employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation. . . ." 740 Ill. Comp. Stat. 174/20. As noted above, a genuine issue of material fact remains as to whether a violation of the law—specifically workers' compensation fraud—occurred. Additionally, the parties dispute whether Plaintiff was asked to, but refused to, take part in the fraud. Defendant alleges that Plaintiff was merely informed of the incident by Ochoa. Plaintiff, however, maintains that as an employee in Defendant's workers' compensation section, she would necessarily have been involved with any claim, including Ochoa's. Because Plaintiff has raised a genuine issue of material fact, summary judgment is denied as to Plaintiff's claim under the Whistleblower Act.

Finally, Plaintiff alleges retaliation in violation of the ADEA, based on her complaint that Ochoa, a general manager for Defendant, was discriminating against a co-worker, Trujillo, because of her age. To establish a prima facie case of retaliation under the direct method, Plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) "there was a causal connection between her protected activity and the adverse employment action." Coleman v. Donahoe, 667 F.3d 835, 859 (7th Cir. 2012). It is undisputed that Plaintiff suffered an adverse employment action. While Defendant disputes that Plaintiff complained about the poor treatment of a co-worker based on her age, Plaintiff provides sufficient evidence to the contrary to raise a genuine issue of material fact. In addition, while disputed by Defendant, Plaintiff has presented a sufficient "convincing mosaic of circumstantial evidence" that she was fired for speaking out against age discrimination. Id. at 860. Plaintiff alleges that she was fired shortly after making her complaint when she was previously being trained for a promotion and that she was the only employee who was fired without being placed in a new position, despite Defendant's alleged theory of downsizing. Accordingly, Plaintiff presents sufficient evidence to establish that a genuine issue of material fact remains as to her retaliation claim under the ADEA.

For the foregoing reasons, Defendant's motion for summary judgment is denied.
IT IS SO ORDERED.